**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AS ARETE L.L.C.,

    Plaintiff,

v.                                                        Case No. 3:17-cv-849-J-32MCR

JOANNE LYONS SHAPIRO,

    Defendant.

------

**O R D E R**

This case is before the Court on Plaintiff As Arete LLC's ("Arete") Motion for Remand to State Court (Doc. 2). Defendant Joanne Shapiro ("Shapiro") filed an Opposition to Motion to Remand (Doc. 4). This foreclosure action was originally filed in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida on November 4, 2015. (Doc. 2-1 at 2). On July 28, 2017—more than twenty months later—Shapiro filed a notice to remove the action to federal court. (Doc. 1).

In her Notice of Removal, Shapiro alleges that this Court has jurisdiction because she is going to file a separate action, alleging violations of 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 5.1. (Doc. 1 at 3–4). On October 27, 2017, Shapiro filed a pleading titled: "Verified Complaint for Damages and

Equitable Relief and for Immediate Ex Parte Application for Temporary Restraining Order And For Order to show Cause For Preliminary Injunction." (hereinafter "Oct. 27th Pleading," which the Court now files as Doc. 12). In the Oct. 27th Pleading, Shapiro alleges discriminatory lending practices, unconstitutional statutory schemes, lack of standing, corrupt judicial procedures, and others. Additionally, she alleges that this Court has jurisdiction because the parties are diverse and because she has alleged Constitutional and federal statutory violations. (Doc. 12 at 2, 5–6, 11–12). For the reasons set forth below, Shapiro is incorrect in her jurisdictional arguments and this matter should be remanded to state court.

Removal to the federal courts is governed by Title 28 United States Code section 1441, which states in relevant part:

> **(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship.**
> . . . .
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2

28 U.S.C. § 1441. Couched in § 1441(a) is the "well-pleaded complaint" rule, which states that a "federal defense to a state law claim generally is insufficient to satisfy the requirements of 28 U.S.C. § 1331." Stern v. Int'l Bus. Machines Corp., 326 F.3d 1367, 1370 (11th Cir. 2003). To remove a case from state court on the basis of a federal question, such federal question must be presented on the face of the plaintiff's complaint. Id.

Here, remand is appropriate because there are no jurisdictional grounds for removal. It appears that Shapiro is a resident of Neptune Beach, Florida. (See Doc. 4 at 7). Arete alleges that it properly joined and served Shapiro as a defendant in this action. (Doc. 2 at 1–2); see § 1441(b)(2); see also Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921) (stating that the party seeking removal has the burden of proving that removal is proper). As Shapiro is the defendant and a resident of Florida, removal pursuant to 28 U.S.C. § 1332 is unauthorized. See § 1441(b)(2).

Removal is also not appropriate as there is no basis for federal question jurisdiction on the face of the complaint. See Stern, 326 F.3d at 1370; Verified Complaint, As Arete LLC v. Shapiro, No. 16-2015-CA-007059 (Fla. 4th Cir. Ct. Nov. 4, 2015). Although Shapiro may have federal question claims against Arete and others, because such claims do not appear on the face of the complaint they

3

do not provide a basis for removal. See Stern, 326 F.3d at 1370. Therefore, this action should be remanded to state court.[1]

Although titled as a verified complaint, the Oct. 27th Pleading is more in the nature of a defense or counterclaim. Shapiro argues that the Oct. 27th Pleading provides jurisdiction to remove the state foreclosure action, but it does not because, among other reasons, it was not filed until after removal. (Doc. 4 at 4).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Remand to State Court (Doc. 2) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

3. Shapiro's October 27, 2017 filing (Doc. 12) is deemed a counterclaim. The Clerk shall file the pleading as such and the counterclaim will travel with the case on remand to state court.

4. After remand has been effected, the Clerk shall terminate all pending motions and deadlines and close the file.

---

[1] As the Court finds there is no jurisdiction for removal, Arete's other arguments in support of remand are not considered here.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of December, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Counsel of record